**The STATE of Ohio**

v.

**McKINNEY.**

Court of Common Pleas of Ohio,
Medina County.

No. 00–CR–0181.

Decided Dec. 6, 2000.

*Dean Holman,* Medina County Prosecuting Attorney, for the plaintiff.

*Stephen J. Brown,* for the defendant.

JAMES L. KIMBLER, Judge.

## STATEMENT OF THE CASE

Defendant Tony Randall McKinney is charged with violating R.C. 2907.02(A)(1)(b), rape, with a specification that he is a sexually violent predator pursuant to R.C. 2941.148. The defendant entered a plea of "Not Guilty" and

then filed a motion to suppress. The motion alleges that items were unconstitutionally seized from his automobile and residence and that he was involuntarily coerced into giving incriminating statements.

## FINDINGS OF FACTS

Based upon the evidence offered at hearing, the court makes the following findings of fact:

On February 4, 2000, Parole Officer Richard Rhines was assigned by the Ohio Adult Parole Authority to Medina County. The defendant was on his caseload. He was on his caseload because he had been convicted in Stark County of gross sexual imposition. The Ohio Adult Parole Authority was doing a "courtesy" supervision for the Stark County Adult Probation Department. Courtesy supervision is where the Ohio Adult Parole Authority supervises a defendant who is not on parole but is rather under the control of another agency.

As part of his duties, it was necessary for Officer Rhines to review the defendant's conditions of probation. Those conditions included that he have no contact with minors without permission of either the Stark County Probation Department or the Ohio Adult Parole Authority, that he not have any access to computers, and that he not access or acquire pornographic material.

Under the conditions of supervision, the defendant was to agree to a search without a warrant of his person, his residence, or his car by an officer of the Ohio Adult Parole Authority to ensure that he was complying with the conditions of probation. Another condition of probation included that he refrain from consuming alcoholic beverages.

On February 11, 2000, Officer Rhines conducted a home visit at the defendant's residence. On February 22, he met with the defendant in Medina at the defendant's scheduled reporting time.

Between those two events, Officer Rhines received information about a violation of the defendant's conditions of supervision. He received information that the defendant was having sex with his stepson, a minor.

During the interview, the defendant admitted that he had used alcohol and also admitted that he had accessed the Internet within the last thirty days. At that point, Officer Rhines and Dep. Tad Davis of the Medina County Sheriff's Office arrested the defendant for a probation violation and then told him that they were going to search his car. During the search of the car, the officers found a scrap of paper with an Internet address on it and pornographic photographs. At that point, the officers told the defendant that they were going to go to his house to search his residence.

The officers drove to the Greenwich Road residence, and they conducted a search of the residence and a search of a blue van that was located on the premises.

During the search they found two computers in the house, a bottle of peach schnapps in the kitchen, and a large amount of adult videos and magazines in the blue van. They then took the defendant back to the Medina County Jail.

The defendant was incarcerated in the Medina County Jail for violation of the terms and conditions of his probation from the Stark County Common Pleas Court. While he was incarcerated there, Detective Davis examined him about an allegation that he had raped his stepson. Before the defendant made any statements, he was advised of his "*Miranda* rights" by Detective Davis.

## CONCLUSIONS OF LAW

A probation officer may arrest a probationer without a warrant if the officer has probable cause to believe the probationer is violating the terms and conditions of his or her probation. R.C. 2951.08.

■ After a probationer is arrested pursuant to R.C. 2951.08, "*Miranda* warnings" must precede any custodial interrogation of such a probationer. *State v. Roberts* (1987), 32 Ohio St.3d 225, 513 N.E.2d 720,

■ A warrantless search performed pursuant to a condition of parole requiring a parolee to submit to random searches of his or her person, motor vehicle, or place of residence by a parole officer at any time is constitutional. *State v. Benton* (1998), 82 Ohio St.3d 316, 695 N.E.2d 757,

■ There is no inherent or constitutional right to be conditionally released prior to the expiration of a validly imposed criminal sentence. *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668,

■ The presence of an offender in the community creates a need for special supervision. *Griffin v. Wisconsin* (1987), 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709,

The special need for such supervision allows the state to put restrictions on a probationer's activities to make sure that rehabilitation of the offender is taking place. *Griffin,* 483 U.S. at 875, 107 S.Ct. at 3169, 97 L.Ed.2d at 718–719,

■ A requirement that parolees consent to warrantless searches of their persons, cars, and residences is reasonably and necessarily related to the government's interest in rehabilitating the parolee and protecting society from recidivism. *Benton,* 82 Ohio St.3d at 319, 695 N.E.2d at 760–761,

34

■ There is no material difference between probationers and parolees in the context of constitutional guarantees. *Roberts,* 32 Ohio St.3d at 229, 513 N.E.2d at 723,

■ Since there is no material difference between probationers and parolees in the context of constitutional guarantees, and since the need for supervision of probationers is as great as the need for supervision of parolees, a requirement that probationers submit to warrantless searches is constitutional.

## HOLDING

The court finds that all statements taken from the defendant were taken in accordance with his constitutional rights and that the searches of his van, car, and residence were valid.

## DISCUSSION

■ The defendant was convicted of a third degree felony of gross sexual imposition. He had neither a statutory nor a constitutional right to be granted probation. Once he was placed under supervision by the Stark County Common Pleas Court, that court had the right to make sure that he complied with all the conditions of its supervision.

Those conditions included requirements that he not own computers and stay off the Internet. They also included requirements that he not own or possess pornographic materials. The Stark County Common Pleas Court believed that the defendant's access to pornography was not in either his or society's best interest. The Internet is a gateway to many pornographic web sites.

One way to enforce such conditions is to have a defendant consent to warrantless searches of his motor vehicles and residence. This condition helps make sure that the defendant is complying with conditions deemed necessary for his rehabilitation. It also makes sure that the defendant knows that his activities are being monitored.

The monitoring of probationers is the same as the monitoring of parolees. Since probationers and parolees have the same constitutional rights, and since it is the law in Ohio that requiring a parolee to consent to a warrantless search is reasonable, this court holds that the same condition is reasonable as applied to a probationer.

Consequently the court finds that the searches of the defendant's van, car, and residence were reasonable.

■ The court further finds that the statements taken from the defendant were taken in compliance with his constitutional rights against self-incrimination and to counsel.

Although there were allegations that the defendant was coerced or tricked into making statements by promises that his exposure in this matter would only be that of an offender convicted of gross sexual imposition, there is no evidence supporting that allegation.

## ORDER

The defendant's motion is denied in all respects.

*Motion denied.*