The STATE of Ohio, Appellee,

v.

McCAIN, Appellant.

[Cite as *State v. McCain*, 154 Ohio App.3d 380, 2003-Ohio-4890.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 03CA2711.

Decided Sept. 12, 2003.

Daniel L. Silcott, for appellant.

Scott W. Nusbaum and Michael M. Ater, for appellee.

KLINE, Judge.

{¶ 1} Barbara A. McCain, appellant, appeals the judgment of the Ross County Court of Common Pleas, finding her guilty of aggravated possession of drugs, a violation of R.C. 2925.11. McCain asserts that the trial court erred in overruling her motion to suppress the evidence that police discovered during a warrantless

search of her residence. The record reveals that McCain consented, as a condition to the court's placing her on community control after her conviction on a separate offense, to the search of her home without a warrant at any time during her period of community control. Because McCain consented to the search in this case when she agreed to the conditions of community control, we find that McCain waived her objection to the warrantless search. Accordingly, we overrule McCain's assignment of error and affirm the judgment of the trial court.

## I.

{¶ 2} McCain stipulates that she was under community-control sanctions from the Pickaway County Court of Common Pleas at the time that police searched her home and found illegal drugs. McCain further stipulates that as part of her community control sanctions, she signed a form entitled "Conditions of Supervision." The form states at paragraph nine: "I agree to a search, without warrant, of my person, my motor vehicle, or my place of residence by a supervising officer or other authorized representative of the Department of Rehabilitation and Correction at any time."

{¶ 3} McCain also stipulated in the trial court that Officer Brumfield of the Adult Parole Authority searched her home in part because she had failed to appear for scheduled probation appointments. Additionally, McCain did not dispute that her husband called the parole office and expressed his concern, based upon her sudden weight loss and recent affiliation with a convicted felon, that she was using drugs again.

{¶ 4} McCain filed a motion to suppress the drugs found during the search of her residence, asserting that the police did not obtain a warrant before searching her home. The trial court denied her motion, finding that McCain had consented to the search and that a warrantless search of a probationer as a condition of probation, like a warrantless search of parolee as a condition of parole, is constitutional. McCain pled no contest to the charge, and the trial court entered a judgment of conviction and sentence. McCain appeals, asserting the following assignment of error: "The trial court erred in overruling defendant's motion to suppress."

## II.

{¶ 5} In her argument, McCain asserts that the trial court erred in ruling that she had consented to the search of her residence by having signed the "Conditions of Supervision" form, because, she contends, the consent paragraph of the form does not apply to persons on community-control sanctions. McCain does not address the trial court's conclusion that a warrantless search performed

pursuant to a condition of community control requiring a person to submit to searches of her residence at any time is constitutional.

{¶ 6} Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539, citing *United States v. Martinez* (C.A.11, 1992), 949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Carter* (1995), 72 Ohio St.3d 545, 552, 651 N.E.2d 965. We must accept a trial court's factual findings if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. We then apply the factual findings to the law regarding suppression of evidence. Finally, we review the trial court's application of the law to those facts under the de novo standard of review. *State v. Anderson* (1995), 100 Ohio App.3d 688, 691, 654 N.E.2d 1034.

{¶ 7} A warrantless search performed pursuant to a condition of parole requiring a parolee to submit to random searches of his or her person, motor vehicle, or place of residence by a parole officer at any time is constitutional. *State v. Benton* (1998), 82 Ohio St.3d 316, 321, 695 N.E.2d 757. There is no material difference between probationers and parolees with regard to constitutional guarantees. *State v. McKinney* (2000), 112 Ohio Misc.2d 30, 34, 750 N.E.2d 1237, citing *State v. Roberts* (1987), 32 Ohio St.3d 225, 229, 513 N.E.2d 720. Therefore, the rationale supporting the *Benton* holding also applies to persons subject to community-control sanctions, and warrantless searches conducted pursuant to a condition of community control are constitutional. *McKinney*, 112 Ohio Misc.2d at 34, 750 N.E.2d 1237. The trial court followed *McKinney* and found that the warrantless search performed in this case as a condition of McCain's community control was constitutional.

{¶ 8} In her argument, McCain does not contest the trial court's conclusion that pursuant to *Benton* and *McKinney*, a warrantless search performed pursuant to a condition of community control requiring a person to submit to searches of her residence at any time is constitutional. Instead, McCain asserts that the trial court erred in ruling that she had consented to the search of her residence by having signed the "Conditions of Supervision" form. Specifically, McCain asserts that paragraph nine contains language indicating that it applies only to parolees, not to persons subject to community-control sanctions.

{¶ 9} Immediately following the consent language in paragraph nine of the "Conditions of Supervision" form, the paragraph reads: "Notice: Pursuant to section 2967.131 of the Revised Code, Officers of the Adult Parole Authority may conduct warrantless searches of your person, your place of residence, your personal property, or any property which you have been given permission to use

if they have reasonable grounds to believe that you are not abiding by the law or the terms and conditions of your supervision." McCain notes that R.C. 2967.131 applies only to persons on "authorized release from confinement." Since she, as a person sentenced to community control sanctions, was never confined, McCain reasons that R.C. 2967.131 does not apply to her. Therefore, McCain reasons, this entire paragraph of the agreement does not apply to her.

{¶ 10} As a matter of contractual interpretation, we note that we must give effect, when possible, to all words in a contract. *Shifrin v. Forest City Enterprises, Inc.* (1992), 64 Ohio St.3d 635, 597 N.E.2d 499. Thus, even if R.C. 2967.131 does not apply to McCain, we will not ignore paragraph nine in its entirety. Moreover, the R.C. 2967.131 notice contained in paragraph nine merely notifies parties that, as a matter of statutory law, officers of the Adult Parole Authority may search certain people *with or without their consent* when they *possess reasonable suspicion* that the person is breaking the law or failing to abide by the conditions of their supervision. The consent language that precedes the R.C. 2967.131 notice, in contrast, contains a *consent* to search *at any time.* Thus, the agreement can reasonably be interpreted to provide both a consent to search and a notification to certain parties that their consent may not be necessary prior to a search.

{¶ 11} We find that warrantless searches do not violate an accused's constitutional rights when the accused has executed a written consent to search as a condition of community control sanctions. Further, we find that McCain executed a written consent to search as a condition of her community control when she signed the "Conditions of Supervision" form. Because McCain consented to a warrantless search of her residence as a condition of her community control, the search of her residence was consensual. Accordingly, we overrule McCain's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in judgment only.

HARSHA, Judge, concurring in judgment only.

{¶ 12} Because the appellant does not raise the constitutional issue that the majority addresses, I would not decide it. Moreover, I am skeptical that R.C. 2967.131 has any application to the appellant, who is not a parolee or individual identified in that statute. Nonetheless, appellant did sign the document that contains a separate consent to search. Thus, I concur in judgment only.