[Cite as *State v. Burns*, 2012-Ohio-1529.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   11CA14

vs.                                     :

CHRISTOPHER BURNS,                      :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:       Daniel J. O'Brien, Talbott Tower, Suite 1210, 131 North
                             Ludlow Street, Dayton, Ohio 45402

COUNSEL FOR APPELLEE:        Anneka P. Collins, Highland County Prosecuting Attorney,
                             112 Governor Foraker Place, Hillsboro, Ohio 45133

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-29-12

ABELE, P.J.

{¶ 1}   This is an appeal from a Highland County Common Pleas Court judgment of

conviction and sentence.   The trial court found Christopher Burns, defendant below and appellee

herein, guilty of possession of heroin, in violation of R.C. 2925.11(A), with a forfeiture specification.

{¶ 2}   Appellant raises the following assignments of error for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
OVERRULING APPELLANT'S MOTION TO SUPPRESS; THE

GOVERNMENT FAILED IN ITS BURDEN TO PROVE THAT
APPELLANT CONSENTED TO A SEARCH OF HIS RESIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
OVERRULING APPELLANT'S MOTION TO SUPPRESS; IF
APPELLANT CONSENTED TO ANY TYPE OF SEARCH
WHATSOEVER, IT WAS TO A SEARCH OF HIS PROPERTY."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN
OVERRULING APPELLANT'S MOTION TO SUPPRESS; ANY
CONSENT PROVIDED BY APPELLANT WAS INVALID
BECAUSE HE PROVIDED SAID CONSENT ONLY BECAUSE HE
FELT HE HAD NO CHOICE IN THE MATTER."

{¶ 3}   In 2010, appellant was placed on probation.   The "Conditions of Supervision" stated

that appellant "agree[d] to search, without warrant, of my person, my motor vehicle or my place of

residence by my Probation Officer or other authorized representative of the Court at any time."   The

"Conditions of Supervision" further stated that appellant "ha[s] or had read to [him] the Conditions

of my Supervision/Probation" and that appellant "fully understand[s] these Conditions and * * *

agree[s] to follow them. * * *."

{¶ 4}   Appellant later was convicted of a probation violation and placed on electronic

monitoring house arrest (EMHA).   The terms and conditions of his EMHA stated:

"I agree to a search of my person, vehicle, property and residence at any time
and I agree to seizure of anything found in such a search that would constitute
evidence of a crime being or having been committed, or evidence of a violation of
the terms and conditions of probation or the terms and conditions of the program."

Appellant signed the document, which stated in bold-face, all upper case letters, that he had "been

verbally advised of the conditions of the electronic monitoring/house arrest program. [Appellant]

ha[s] read, or have had read to me, and completely understand the terms and conditions and agree to these terms and conditions. [Appellant] understand[s] that if [he] fail[s] to comply with these terms and conditions that [he] will be terminated from this program. * * *."

{¶ 5}   On July 30, 2010, probation officers visited appellant's parents' residence, where appellant had been living.   The officers observed appellant and another male on the back deck. As soon as the other person saw the officers, he quickly departed.   One officer then went to the deck and found narcotics and money in a flower pot.

{¶ 6}   The Highland County Grand Jury returned an indictment that charged appellant with possession of heroin in violation of R.C. 2925.11(A).   The indictment also contained a R.C. 2941.14.17 forfeiture specification.

{¶ 7}   Subsequently, appellant filed a motion to suppress evidence and asserted that his consent to search was invalid.   At the motion hearing, appellant's Probation Officer testified that she reviewed the "Conditions of Supervision" with appellant and that appellant indicated that he understood them.   The trial court overruled appellant's motion to suppress.

{¶ 8}   On February 22, 2011, appellant entered a no contest plea.   The trial court later sentenced appellant to serve two years mandatory incarceration.   This appeal followed.

{¶ 9}   Appellant's three assignments of error challenge the trial court's decision to overrule his motion to suppress evidence.   Appellant contends that the trial court improperly determined that he consented to the search.   Because the same standard of review and principles govern all three assignments of error, we have combined them.

{¶ 10} In his first assignment of error, appellant asserts that the trial court wrongly concluded that he consented to a search of his residence because the prosecution failed to produce

evidence that appellant gave written consent to search his residence.   In his second assignment of

error, appellant contends that the prosecution failed to prove that the document he signed

authorized a search of his parents' residence, where he lived.   Appellant claims that he only agreed

to a search of his "property," which appellant contends does not include the residence that his

parents owned.   In his third assignment of error, appellant argues that any consent he provided was

invalid because he had no choice but to consent.

A

STANDARD OF REVIEW

{¶ 11}  Initially, we note that appellate review of a trial court's decision regarding a motion

to suppress evidence involves mixed questions of law and fact.   See State v. Roberts, 110 Ohio

St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶100; State v. Long (1998), 127 Ohio App.3d 328,

332, 713 N.E.2d 1.   When ruling on a motion to suppress evidence, a trial court assumes the role

of trier of fact and is in the best position to resolve questions of fact and to evaluate witness

credibility.   See, e.g., Roberts at ¶100.   Accordingly, a reviewing court must defer to a trial

court's findings of fact if competent, credible evidence exists to support the trial court's findings.

See, e.g., id.; State v. Medcalf (1996), 111 Ohio App.3d 142, 145, 675 N.E.2d 1268.   The

reviewing court then must independently determine, without deference to the trial court, whether

the trial court properly applied the substantive law to the facts of the case.   See Roberts at ¶100.

See, generally, Ornelas v. United States (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911.

B

FOURTH AMENDMENT

{¶ 12}  The Fourth Amendment to the United States Constitution protects individuals

against unreasonable governmental searches and seizures.   See, e.g., <u>Delaware v. Prouse</u> (1979), 440 U.S. 648, 662, 99 S.Ct. 1391, 59 L.Ed.2d 660.   "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions."   <u>Katz v. United States</u> (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.   Once the defendant demonstrates that he was subjected to a warrantless search or seizure, the burden shifts to the state to establish that the warrantless search or seizure was constitutionally permissible.   See <u>Roberts</u> at ¶98; <u>Maumee v. Weisner</u> (1999), 87 Ohio St.3d 295, 297, 720 N.E.2d 507; <u>Xenia v. Wallace</u> (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, paragraph two of the syllabus.

C

CONSENT TO SEARCH

{¶ 13} One exception to the warrant requirement is the consent search.   Thus, no Fourth Amendment violation occurs when an individual voluntarily consents to a search.   See <u>United States v. Drayton</u> (2002), 536 U.S. 194, 207, 122 S.Ct. 2105, 153 L.Ed.2d 242 (stating that "[p]olice officers act in full accord with the law when they ask citizens for consent"); <u>Schneckloth v. Bustamonte</u> (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 ("[A] search conducted pursuant to a valid consent is constitutionally permissible"); <u>State v. Comen</u> (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640.

{¶ 14} Consent searches frequently arise in the probation context.   In <u>United States v. Knights</u> (2001), 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497, the United States Supreme Court upheld "probation searches" conducted pursuant to a condition of probation, provided that a "reasonable suspicion" exists that evidence of criminal activity can be found in a probationer's

home.   See id. at 120–121.   The Court explained:

> "Although the Fourth Amendment ordinarily requires the degree of probability embodied in the term 'probable cause,' a lesser degree satisfies the Constitution when the balance of governmental and private interests makes such a standard reasonable.   Those interests warrant a lesser than probable-cause standard here.   When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable."

Knights, 534 U.S. at 121 (citations omitted); see, also, State v. Benton (1998), 82 Ohio St.3d 316, 321, 695 N.E.2d 757; State v. Sowards, Gallia App. No. 06CA13, 2007–Ohio–4863; R.C. 2967.131(C).

{¶ 15} In the case sub judice, however, the search was conducted pursuant to appellant's consent obtained as a condition of his probation's "Conditions of Supervision."   Appellant's probation officer stated that she reviewed the "Conditions of Supervision" with him and that he indicated he understood the conditions.   One of the conditions authorized a search of appellant's person, motor vehicle, or place of residence.   Furthermore, the record contains the EMHA form that appellant signed, which states that appellant agreed to a search of his person, vehicle, property, and residence.   This material reveals that appellant consented to a search of his residence or property.   Thus, we disagree with appellant that the prosecution failed to show that he gave written consent to search.

{¶ 16} Appellant also argues that the search was invalid because it was outside the scope of his consent.   In particular, he contends that he did not consent to a search of his parents' home. Appellant incorrectly presumes, however, that his consent was valid only as to a residence he owned outright.   The "Conditions of Supervision" authorized a search of his "place of residence."

Appellant did not deny that he resided at his parents' home.   Thus, his parents' home was his "place of residence."   Moreover, "[t]he Fourth Amendment recognizes a valid warrantless entry and search of premises when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained."   Georgia v. Randolph (2006), 547 U.S. 103, 105, 126 S.Ct. 1515, 164 L.Ed.2d 208, citing Illinois v. Rodriguez (1990), 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148, and United States v. Matlock (1974), 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242; State v. Tibbetts (2001), 92 Ohio St.3d 146, 166, 749 N.E.2d 226; State v. Boysel, Hocking App. No. 08CA5, 2008-Ohio-4037.   "Common authority" rests on "mutual use of the property by persons having joint access or control for most purposes."   United States v. Matlock (1974), 415 U.S. 164, 172, 94 S.Ct. 988, 39 L.Ed.2d 242.

{¶ 17}  While we observe that the foregoing principle generally is invoked when the defendant objects to a search to which a co-occupant consented, we believe that the same principle may apply when the defendant objects to the consent search on the basis that he did not own the premises and thus could not give valid consent.   The underlying principle is common authority. In the case at bar, appellant, as an occupant of the premises, had common authority over the premises.   Because appellant shared the premises with his parents, he had common authority to consent to a search.

{¶ 18}  Moreover, we reject appellant's assertion that his consent was invalid because he really had no other choice.   In State v. Benton (1998), 82 Ohio St.3d 316, 321, 695 N.E.2d 757, the Ohio Supreme Court rejected this same argument and stated:

> "The defendant testified at the suppression hearing that he had no choice but

to sign a waiver as a condition of his parole, thereby implying that the waiver was not voluntary.   We recognize that '[w]aivers of constitutional rights not only must be voluntary, but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'   Brady v. United States (1970), 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756.

The defendant in this case voluntarily waived his Fourth Amendment rights when he signed the consent-to-search term allowing his parole officer to search his residence, vehicle, and person without a warrant at any time.   The record reveals that the defendant received an explanation of what conditions would be imposed. In addition, the defendant testified that he read the form before he signed it.   He testified that his signing the consent-to-search condition was not a free choice. While it is true that the defendant was presented with choosing either to consent to warrantless searches at any time or to remain incarcerated, the fact that the defendant must decide between two unattractive choices does not invalidate the waiver.

As the Carchedi[ v. Rhodes (S.D.Ohio 1982), 560 F.Supp. 1010] court stated: 'In deciding to accept the terms of a commutation and parole, a prisoner is forced to choose between the prospect of continued incarceration and the prospect of an agreement which may somehow restrict his or her constitutional rights.   The government, in effect, is offering to allow the prisoner to regain his or her freedom in return for a promise to abide by rules which, to a greater or lesser extent, limit the exercise of fundamental rights.   In this respect the transaction is no different from other agreements in which the government conditions its grant of a substantial benefit on the relinquishment of a known constitutional right.'   Id., 560 F.Supp. at 1016.''

{¶ 19} Consequently, based upon the clear holding in Benton, we disagree with appellant that his consent was invalid.[1]

{¶ 20} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's three assignments of error and affirm the trial court's judgment.

---

[1] "The United States Supreme Court has not considered whether suspicionless searches are permissible in a probationer consent context, although the court has held that suspicionless consent searches are permitted in the context of parolees, who, like prisoners (but unlike probationers) have no expectation of privacy.   See Sampson v. California, 547 U.S. 843.   The Ohio Supreme Court has, apparently, determined in Benton the consent is all that is necessary for the search of parolees.   This court has extended that rule to community control situations.   See State v. McCain (2003), 154 Ohio App.3d 380 (Harsha concurred only in the judgment).

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
McFarland, J.: Concurs in Judgment Only

For the Court

BY:_____
Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.