[Cite as *State v. Vanderhorst*, 2013-Ohio-1785.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97242

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## QUENTIN VANDERHORST

DEFENDANT-APPELLANT

### JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-540773
Application for Reopening
Motion No. 458684

**RELEASE DATE:** April 29, 2013

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender
Francisco E. Luttecke
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mark J. Mahoney
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

**{¶1}** Quentin Vanderhorst has filed a timely application for reopening pursuant to App.R. 26(B). Vanderhorst is attempting to reopen the appellate judgment that was rendered in *State v. Vanderhorst*, 8th Dist. No. 97242, 2012-Ohio-2762, which affirmed his conviction for two counts of kidnapping, two counts of aggravated robbery, one count of attempted murder, and two counts of felonious assault, but vacated the sentence imposed for the offenses of aggravated robbery and kidnapping based upon allied offenses of similar import or merger, and remanded for resentencing. For the following reasons, we decline to reopen Vanderhorst's original appeal.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Vanderhorst must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Vanderhorst must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 25, 1998-Ohio-704, 701 N.E.2d 696.
>
> *Strickland* [*v. Washington*] charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. [668] at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 [1984], and to "indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance," *Id.* at 689, 104 S.Ct. 2052, 80 L.Ed. 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *See Jones v. Barnes*, 463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987 (1983); *State v. Sander*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*Smith* at ¶ 7-8.

**{¶4}** In addition, the Supreme Court of Ohio in *Spivey* held that:

In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in *Strickland* * * * is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.*

**{¶5}** It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones* at 752. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Id.*; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

**{¶6}** In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too tempting for a appellant to second-guess his attorney after conviction and appeal and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, the United States Supreme Court has firmly established that appellate counsel possess the sound discretion to decide which issues are the most fruitful arguments on appeal. Appellate counsel possesses the sound discretion to winnow out weaker arguments on appeal and to focus on one central issue or at most a few key issues. *Jones* at 752.

{¶7} In support of his claim of ineffective assistance of appellate counsel, Anderson raises one proposed assignments of error:

> The trial court erred when it imposed consecutive sentences for gun specifications that were committed as part of the same act or transaction under R.C. 2929.14(B)(1)(b), or alternatively, are allied offenses of similar import under R.C. 2941.25 (Tr. 908-910).

{¶8} Vanderhorst, though his sole proposed assignment of error, argues that the trial court erred by sentencing him to multiple consecutive three-year terms of incarceration for firearm specifications. Specifically, Vanderhorst argues that the three-year firearm specifications should have been merged for purposes of sentencing because R.C. 2929.14(B)(1)(g), formerly R.C. 2929.14(D)(1)(g), does not mandate the imposition of consecutive sentences for gun specifications. Vanderhorst's argument lacks merit.

{¶9} This court, in *State v. Glenn*, 8th Dist. No. 97314, 2012-Ohio-3075, held that:

> R.C. 2929.14(D)(1)(b), as it existed at the time of sentencing, prohibited a

trial court from imposing more than one prison term for multiple firearm specifications if the specifications were committed as part of the same act or transaction. However, R.C. 2929.14(D)(1)(g) provided an exception for certain felonies including felonious assault and aggravated robbery. R.C. 2929.14(D)(1)(g) stated: * * *.

The sentencing entry states that [defendant] was found guilty of four counts of felonious assault (Counts 4, 5, 11, and 12) and two counts of aggravated robbery (Counts 6 and 7). All of these charges included one- and three-year firearm specifications. Under R.C. 2929.14(D)(1)(g), the court was required to impose prison terms for the two most serious firearm specifications * * * and had discretion to impose a sentence for the third firearm specification. *State v. Worth*, 10th Dist. No. 10AP-1125, 2012-Ohio-666, ¶ 96. * * *. (Footnote omitted.)

*Id*. at ¶ 31.

{¶10} In addition, the 12th District Court of Appeals, in *State v. Israel*, 12th Dist. No. CA2011-11-115, 2012-Ohio-4876, addressed the issue of whether the imposition of two firearm specification under R.C. 2929.14(B)(1)(g), must be imposed consecutively or concurrently to each other and held that:

[Defendant] argues that because he committed his crimes as part of a single criminal objective, mainly to flee from the police, his sentences should be run concurrently. As support, [defendant] cites several cases in which courts analyze whether crimes were committed as part of a single transaction, and then hold that sentences imposed for firearm specifications must run concurrently if committed as part of a single criminal objective. *See*, *e.g*., *State v. Moore*, 161 Ohio App.3d 778, 2005-Ohio-3311 (7th Dist.). However, regardless of whether [defendant]'s crimes were a single transaction, R.C. 2929.14(B)(1)(g) specifically states that when a defendant is sentenced to more than one felony, including murder or felonious assault, the sentencing court "shall impose" the two most serious gun specifications and then may, in its discretion, impose additional sentences for additional firearm specifications. *See also State v. Cassano*, 8th Dist. No. 97228, 2012-Ohio-4047.

[Defendant] further argues that the case law he cites is controlling because the statute does not address whether the trial court is required to order the

sentences consecutive or concurrent. However, we disagree and find that pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple gun specifications should be run consecutive to each other. *See Glenn*, 8th Dist. No. 97314, 2012-Ohio-3075; and *State v. Fischer*, 9th Dist. No. 26110, 2012-Ohio-3665.

While the General Assembly did not include the word "consecutive" in R.C. 2929.14(B)(1)(g), it nonetheless carved out an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed within a single transaction. The mandatory language of the statute ("the court shall impose") also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes, such as murder or felonious assault. Had the Legislature intended a per se rule that sentences for firearm specifications must be served concurrent with one another, it could have stated as much. Or, the Legislature could have chosen not to codify R.C. 2929.14(B)(1)(g), which serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction.
[Defendant] did not argue that the trial court abused its discretion in ordering the third firearm specification as set forth in R.C. 2929.14(B)(1)(g), we nonetheless find that the trial court did not abuse its discretion in ordering the additional firearm specification in addition to the other two required by statute. The trial court took into consideration the fact that [defendant] had a lengthy criminal past, and that his actions during the police chase caused the death of [victim] and placed countless other officers and civilians in danger. The fact that [defendant] had a gun on his person during the chase only heightened the potential danger. The trial court's decision to impose the additional firearm specification was not unreasonable, arbitrary, or unconscionable.

*Id.* at ¶ 71; *see also State v. Savage*, 7th Dist. No. 11-MA-163, 2012-Ohio-2435;

*Cassano*, 8th Dist. No. 97228, 2012-Ohio-4047; *State v. Bushner*, 9th Dist. No. 26532,

2012-Ohio-5996,

{¶11} Accordingly, we find that Vanderhorst has failed to establish that he was

prejudiced by the conduct of appellate counsel on appeal. The trial court was required

to impose multiple and consecutive three-year terms of incarceration upon Vanderhorst. The fact that some of the offenses were allied offenses of similar import did not obviate the multiple and consecutive sentencing requirements of R.C. 2929.14(B)(1)(g), formerly R.C. 2929.14(D)(1)(g). Thus, appellate counsel was not required to raise the issue of the need to merge the firearm specifications on appeal, and appellate counsel was not ineffective upon appeal.

{¶12} Application for reopening is denied.

_____
MARY EILEEN KILBANE, JUDGE


FRANK D. CELEBREZZE., JR., P.J., and
TIM McCORMACK, J., CONCUR