[Cite as *State v. Love*, 2014-Ohio-1603.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

STATE OF OHIO,                          :
                                        :
        Plaintiff-Appellee,             :       Case No. 13CA16
                                        :
    vs.                                 :
                                        :       DECISION AND JUDGMENT
WARREN L. LOVE,                         :       ENTRY
                                        :
        Defendant-Appellant.            :       **Released: 04/10/14**
_____
                            APPEARANCES:

Andrew T. Sanderson, Burkett & Sanderson, Inc., Newark, Ohio, for
Appellant.

Laina Fetherolf, Hocking County Prosecutor, and William L. Archer, Jr.,
Assistant Hocking County Prosecutor, Logan, Ohio, for Appellee.
_____

McFarland, J.

    **{¶1}** This is an appeal from a Hocking County Common Pleas Court

judgment convicting Appellant after a jury found him guilty of five felony

offenses, which included aggravated robbery and felonious assault, both

with firearm specifications, tampering with evidence, aggravated trafficking

in drugs, and having weapons while under a disability. Appellant was

sentenced to an aggregate sentence of twenty-three years as a result of his

convictions. On appeal, Appellants raises two assignments of error,

contending that 1) his conviction was based upon insufficient evidence; and 2) the trial court committed harmful error in imposing sentence.

{¶2} Because we conclude that a rational trier of fact could have found all of the essential elements of aggravated robbery were proven beyond a reasonable doubt and, as such, that Appellant's conviction for aggravated robbery was supported by sufficient evidence, Appellant's first assignment of error is overruled. Further, in light of our conclusion that Appellant's aggravated robbery and felonious assault convictions involved two separate victims, we cannot conclude that the trial court erred in failing to merge these convictions for purposes of sentencing. Finally, because the trial court was required, under R.C. 2929.14(B)(1)(g) to impose consecutive sentences for both firearm specifications, we find no "harmful error" in the imposition of the sentences. As such, Appellant's second assignment of error is also overruled. Accordingly, the decision of the trial court is affirmed.

FACTS

{¶3} A multi-count indictment was brought against Appellant on February 22, 2013, charging Appellant with aggravated robbery with a firearm specification, a first degree felony in violation of R.C. 2911.01(A)(1) and 2941.145, felonious assault with a firearm specification,

a second degree felony in violation of R.C. 2903.11(A)(2) and 2941.145, tampering with evidence, a third degree felony in violation of R.C. 2921.12(A)(1), aggravated trafficking in drugs, a third degree felony in violation of R.C. 2925.03(A)(1), having weapons while under a disability, a third degree felony in violation of R.C. 2923.13(A)(2), and receiving stolen property, a fifth degree felony in violation of R.C. 2913.51(A). Appellant pled not guilty and the matter proceeded to a two-day trial, beginning on June 11, 2013.

{¶4} The State's theory at trial was that a drug transaction was arranged as a "subterfuge" to commit robbery. The State presented three witnesses that were present the night the incident occurred: Sarah Williamson, Thomas Bailey, and Michael Herrold. Williamson testified that she had been in contact with an old friend, Amanda Thompson, that had asked her if she could "get rid of any Perc 30s[,] or 30 mg. Percocet pills. She testified that her friend, Thomas Bailey, wanted some, so she essentially set up the transaction, the plan being for Thompson to bring the drugs to a local Speedway. Apparently, however, when it was all said and done, Thompson arrived in town with two other adults and a baby in her vehicle, and came to Williamson's house instead of Speedway.

{¶5} Williamson testified that Thomas Bailey and Michael Herrold were with her on the night of the incident. She testified that after she handed the money for the drugs to an occupant named Sharvonne, who was seated in the front seat of the vehicle, Appellant, who was seated in the back of the vehicle, jumped out with a gun, told Bailey and Herrold to get on the ground, and then went through Bailey's pockets. Williamson then detailed the events that led to a shooting, which formed the basis of the felonious assault charge, which is not at issue on appeal.

{¶6} Bailey and Herrold also testified, however, both denied any knowledge of a drug transaction. Their testimony will be detailed more fully below, however, both testified in accordance with Williamson, with respect to Appellant jumping out the vehicle with a gun, ordering them to the ground, and robbing Bailey. The defense theory at trial seemed to be that this was simply a drug deal that went wrong, and that no theft offense, and thus, no aggravated robbery occurred. However, Appellant did not testify at trial, nor present any witnesses in his defense. At the close of the State's evidence, Appellant moved for acquittal pursuant to Crim.R. 29(A), which was denied by the trial court, and the matter was submitted to the jury for determination.

{¶7} The jury convicted Appellant of aggravated robbery, felonious assault, aggravated trafficking in drugs, tampering with evidence, having a weapon while under a disability, and both firearm specifications. Appellant was acquitted on the charge of receiving stolen property. The trial court sentenced Appellant to a ten-year term of imprisonment on the aggravated robbery conviction and a seven-year term of imprisonment on the felonious assault conviction, to be served consecutively to one another. The trial court also sentenced Appellant to three-year terms of imprisonment on each firearm specification, to be served consecutively to one another and consecutively to the underlying charges, for an aggregate prison term of twenty-three years. The sentences for the remaining convictions were ordered to be served concurrently to these sentences.

{¶8} It is from the trial court's August 6, 2013, judgment entry of sentence that Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.    THE CONVICTION OF THE DEFENDANT-APPELLANT WAS BASED UPON INSUFFICIENT EVIDENCE TO SUSTAIN THE SAME.

II.    THE TRIAL COURT COMMITTED HARMFUL ERROR IN THE SENTENCING OF THE DEFENDANT-APPELLANT."

## ASSIGNMENT OF ERROR I

{¶9} In his first assignment of error, Appellant contends that the trial court erred in failing to direct a verdict in his favor at the conclusion of the State's case, and that his conviction for aggravated robbery was not supported by sufficient evidence.[1] More specifically, Appellant argues that evidence of a predicate theft offense was lacking, and without such, there can be no aggravated robbery. Appellant also suggests that the use of the firearm was in furtherance of a drug transaction, rather than a theft offense.

{¶10} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386 (2006), ¶ 37. When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997) (stating that "sufficiency is a test of adequacy"); *State v. Jenks*, 61 Ohio St.3d 259, 274, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the

---

[1] Upon the close of the State's case, Appellant made a motion for acquittal under Crim.R. 29(A), which was denied by the trial court.

offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, (1979); *Jenks* at 273. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins* at 390.

{¶11} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant*, 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993). A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts*, 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶12} On appeal, Appellant challenges his conviction for aggravated robbery, a first degree felony in violation of R.C. 2911.01(A)(1), as well as the firearm specification attached thereto. R.C. 2911.01 provides, in pertinent part, as follows:

"(A)  No person, in attempting or committing a theft offense,

as defined in section 2913.01 of the Revised Code, or in

fleeing immediately after the attempt or offense, shall do

any of the following:

(1)     Have a deadly weapon on or about the offender's person

or under the offender's control and either display the

weapon, brandish it, indicate that the offender possesses

it, or use it[.]"

The firearm specification at issue was brought pursuant to R.C. 2941.145.

{¶13} Here, a review of the trial transcript indicates that three different witnesses testified on behalf of the State, claiming that Appellant emerged from the back seat of a vehicle with a gun and ordered both Thomas Bailey and Michael Herrold to the ground. Sarah Williamson testified that this occurred in the midst of a drug transaction, after she had handed cash for drugs to someone in the front seat of the car. She testified that after she handed over the money to an occupant in the front seat, Appellant, who was seated in the back, jumped out with a gun. Thomas Bailey testified that he randomly stopped by Williamson's house, denying that he was involved in a drug transaction, and that Appellant jumped out of the backseat of a vehicle, approached him with a gun, ordered him to the ground, searched his pockets and took his money. Michael Herrold testified that although he was ordered to the ground he did not get down, but instead

stood as Appellant went through Bailey's pockets. Subsequently, as Appellant fled and tried to catch up with the vehicle as it was driving off, and as Bailey and Herrold tried to chase Appellant, there was testimony that Appellant turned and shot the gun, hitting Herrold in the leg. Much like Bailey, Herrold also denied any knowledge of a drug transaction.

{¶14} Despite the fact the testimony differed with respect to whether a drug transaction was taking place, all three witnesses testified that Appellant emerged from the vehicle, with a gun, and robbed Bailey. Thus, the State presented evidence which, if believed, would indicate that an aggravated robbery occurred, and that each element of the crime, as set forth above, was met. We now turn to Appellant's argument regarding the use of the firearm, and whether it was used in furtherance of a theft offense. Although there is some question as to whether the firearm subsequently recovered from the vehicle was the same gun Appellant used during the commission of the crime, and although there appeared to be some questions raised as to who actually shot Herrold based upon the expert testimony that there was no gun residue on Appellant's hands, three people testified that Appellant possessed and brandished a gun with a silver handle as he robbed Bailey.

{¶15} We, as a Court, are not called upon to determine the credibility of these witnesses, nor weigh the evidence that was presented. Rather, in considering a sufficiency of the evidence challenge, as set forth above, we must assess whether the State's evidence, if believed, would support a conviction. *Thompkins*, supra, at 390. Further, in making this assessment, we "must construe the evidence in a light most favorable to the prosecution." *Hill* at 205 and *Grant* at 477, supra. Because we conclude, based upon the evidence presented, that reasonable minds could conclude that all of the essential elements of the offense of aggravated robbery had been proven beyond a reasonable doubt, we will not overturn Appellant's conviction based upon a sufficiency of the evidence challenge. Accordingly, Appellant's first assignment of error is without merit and is, therefore, overruled.

## ASSIGNMENT OF ERROR II

{¶16} In his second assignment of error, Appellant contends that the trial court committed harmful error in sentencing him. More specifically, Appellant raises three issues: 1) did the trial court properly determine that the offenses of aggravated robbery and felonious assault should not merge; 2) did the trial court's sentencing of Appellant constitute harmful error; and 3) may a trial court order consecutive sentences with respect to firearm

specifications under the circumstances found herein? The State responds by arguing that the trial court properly found that the sentences did not merge because the offenses had separate victims, and that the trial court properly imposed two consecutive three-year terms of imprisonment for the firearm specifications pursuant to and as required by R.C. 2929.14(B)(1)(g). For the following reasons, we agree with the State.

{¶17} Appellate courts apply a de novo standard of review in reviewing a trial court's application of the merger statute, R.C. 2941.25. *State v. Williams*, 134 Ohio St.3d 482, 488, 2012-Ohio-5699, 983 N.E.2d 1245, ¶¶ 25-28. "Appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions ." Id.

{¶18} R.C. 2941.25 "codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibit[ ] multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. The statute states:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the

indictment or information may contain counts for all such

offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more

offenses of dissimilar import, or where his conduct results in

two or more offenses of the same or similar kind committed

separately or with a separate animus as to each, the indictment

or information may contain counts for all such offenses, and the

defendant may be convicted of all of them."

**{¶19}** In *State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013-Ohio-3170, ¶ 103, we set forth the analysis that applies when determining if offenses should merge under R.C. 2941.25:

"Through a series of opinions the Supreme Court of Ohio has

advised and re-advised lower courts on the difficult task of

applying Ohio's multiple-count statute to determine which

criminal convictions require merger.' [ *State v. Delawder*, 4th

Dist. Scioto App. No. 10CA3344, 2012-Ohio-1923, ¶ 39]. In

the plurality decision of *State v. Johnson*, 128 Ohio St.3d 153,

2010-Ohio-6314, 942 N.E.2d 1061, the Court expressly

overruled its then current test for merger. Under the new test,

the trial court must first determine 'whether it is possible to

commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other.' (Emphasis sic). *Johnson* at ¶ 48. If the offenses are so alike that the same conduct can subject the accused to potential culpability for both, they are 'of similar import' and the court must proceed to the second step. The court must then determine whether the offenses in fact were committed by the same conduct, i.e., committed as a single act with a single animus. Id. at ¶ 49. If so, merger is necessary. However, if the offenses resulted from separate acts or were performed with a separate animus, or if the commission of one offense will never result in the commission of the other, the offenses will not merge. Id. at ¶ 51."

{¶20} Here, a review of the record reflects that although the aggravated robbery and felonious assault charges stemmed from the same course of conduct, each charge involved a different victim. Thomas Bailey was the victim of aggravated robbery while Michael Herrold was the victim of felonious assault. Ohio courts have routinely recognized that separate convictions and sentences are permitted when the same course of conduct affects multiple victims. *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-

5304, 776 N.E.2d 26, ¶ 48 (finding the court could impose multiple punishments for aggravated arson as defendant "caused six offenses of dissimilar import because six different people were placed at risk" when defendant set one structure on fire); *State v. Jones*, 18 Ohio St.3d 116, 480 N.E.2d 408 (1985) (determining that defendant could be sentenced for two convictions of aggravated vehicular homicide, even though the convictions arose out of the same conduct, when the conduct resulted in the death of two individuals); *State v. Crisp*, 4th Dist. Scioto No. 10CA3404, 2012-Ohio-1730, ¶ 36 (finding that "[i]n situations where a defendant has knowledge that more than one victim could be harmed, courts have concluded there is a separate animus for each victim at risk"); *State v. Tapscott*, 7th Dist. Mahoning No. 11 MA 26, 2012-Ohio-4213, ¶ 41; quoting *Jones* at 118 ("multiple sentences for a single act committed against multiple victims is permissible where the offense is defined in terms of conduct toward 'another as such offenses are of dissimilar import; the import being each person affected.' "); *State v. Angus*, 10th Dist. No. 05AP-1054, 2006-Ohio-4455, ¶ 34 ("Where a defendant's conduct injures multiple victims, the defendant may be convicted and sentenced for each offense involving a separate victim.").

**{¶21}** Because Appellant's aggravated robbery and felonious assault convictions involved two different victims, the imposition of multiple punishments does not offend double jeopardy principles or R.C. 2941.25. The offenses are of dissimilar import because each offense involved a different victim. Consequently, the trial court did not err by failing to merge the convictions.

**{¶22}** We next consider Appellant' argument with respect to the imposition of two three-year terms of imprisonment on the firearm specifications, which were ordered to be served consecutively to each other, and consecutively to the consecutive sentences imposed on the aggravated robbery and felonious assault convictions. Appellant's argument is primarily premised upon his contention that aggravated robbery and felonious assault were allied offenses of similar import that should have been merged. We have already determined that they are not allied offenses of similar import under these facts and should not have been merged for purposes of sentencing. Appellant further argues, however, that even if it is determined that those offenses should not merge, that the firearm specifications must be viewed as "coming from a single transaction and may not be ordered to run consecutive to one another." We disagree.

{¶23}  Several statutory provisions are relevant to our analysis of this issue.  R.C. 2929.14(B)(1)(a)(ii) requires a trial court to impose a three-year prison term upon an offender who is convicted of or pleads guilty to a R.C. 2941.145 firearm specification. R.C. 2929.14(B)(1)(b) precludes a trial court from imposing "more than one prison term on an offender [for a firearm specification] for felonies committed as part of the same act or transaction," unless R.C. 2929.14(B)(1)(g) authorizes it. *State v. Ayers*, 12th Dist. Warren No. CA2011-11-123, 2013-Ohio-2641, ¶ 22; *State v. Sheffey*, 8th Dist. Cuyahoga No. 98944, 2013-Ohio-2463, ¶ 27.

{¶24}  R.C. 2929.14(B)(1)(g) states:

"If an offender is convicted of or pleads guilty to two or more felonies, *if one or more of those felonies are* aggravated murder, murder, attempted aggravated murder, attempted murder, *aggravated robbery*, *felonious assault*, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to

which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications." (Emphasis added)

**{¶25}** In *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 73, the court recognized that R.C. 2929.14(B)(1)(g) creates an exception to the general rule prohibiting multiple punishments for firearm specifications arising out of a single transaction. The *Isreal* court explained as follows:

> "[R.C. 2929.14(B)(1)(g) ] carve[s] out an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed within a single transaction. The mandatory language of the statute ("the court shall impose") also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes, such as murder or felonious assault. Had the Legislature intended a per se rule that sentences for firearm specifications must be served concurrent with one another, it could have stated as much. Or, the Legislature could have chosen not to codify R.C.

2929.14(B)(1)(g), which serves as an exception to the rule that multiple firearm specifications must be merged for purposes of sentencing when the predicate offenses were committed as a single criminal transaction." Id.

**{¶26}** Appellant was convicted of two felonies that are specified in R.C. 2929.14(B)(1)(g): aggravated robbery and felonious assault. Additionally, Appellant was convicted of two firearm specifications as described in R.C. 2929.14(B)(1)(a) in connection with these two felonies. Thus, according to R.C. 2929.14(B)(1)(g), the court was required to impose on Appellant mandatory prison terms as described in 2929.14(B)(1)(a) for the two most serious specifications of which Appellant was convicted, even if, as Appellant argues, the crimes resulted from a single transaction. *Israel*, at ¶ 71; accord *Ayers* at ¶ 24; *Sheffey* at 28; *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, ¶¶ 10-11. Consequently, the trial court did not err by ordering Appellant to serve the firearm specification prison terms consecutively to one another. Likewise, we reject the argument that the trial court erred by requiring Appellant to serve the firearm specification prison terms consecutively to the aggravated robbery and felonious assault prison terms. R.C. 2929.14(C)(1)(a) plainly requires an offender to serve a mandatory prison term imposed for a firearm

specification "consecutively to any other mandatory prison term imposed [for a firearm specification] * * * [and] consecutively and prior to any prison term imposed for the underlying felony."

{¶27} In light of the foregoing, we cannot conclude that the trial court committed harmful error in sentencing Appellant. As such, Appellant's second assignment of error is without merit and is, therefore, overruled. Having found no merit to either assignment of error raised by Appellant, we affirm the decision of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Harsha, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
       Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**