[Cite as *In re R.W.*, 2014-Ohio-1950.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100158**

# IN RE: R.W.
# A Minor Child

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-12120828

**BEFORE:** Rocco, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 8, 2014

**ATTORNEYS FOR APPELLANT**

Brooke M. Burns
Sheryl Trzaska
Office of the Ohio Public Defender
250 East Broad Street
Suite 1400
Columbus, OH 43215

**ATTORNEYS FOR APPELLEE**

**For State of Ohio**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Carl Mazzone
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street - 9th Floor
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

**{¶1}** In this appeal we are asked whether R.C. 2929.14(B)(1)(g), a firearm specification sentencing provision, is applicable to juvenile offenders who are charged with firearm specifications. For the reasons that follow, the answer is no. Because the juvenile court in this case entered its disposition on the mistaken belief that R.C. 2929.14(B)(1)(g) applied, we reverse and remand the juvenile court's order.

**{¶2}** Following a trial, seventeen-year-old appellant, R.W. was adjudicated delinquent on two counts of felonious assault (R.C. 2903.11(A)(2)) with one- and three-year firearm specifications attaching to each count (R.C. 2941.141; R.C. 2941.145).

**{¶3}** On June 19, 2013, the juvenile court committed R.W. to the Ohio Department of Youth Services ("ODYS") for a minimum period of one year on each felonious assault offense, to be served concurrently. The juvenile court also committed R.W. to one year on each of the three-year firearm specifications. The juvenile court ordered that the two firearm specifications merged, and that the time would run consecutively with and prior to the felonious assault commitment. There was no additional time imposed for the one-year firearm specification. In total, R.W. would be committed for two years.

**{¶4}** But on June 26, 2013, the juvenile court "reopened" R.W.'s disposition and held a second hearing. At that hearing, the juvenile court informed the parties that it "was brought to his attention" that our decision in *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785, necessitated a change to R.W.'s disposition.

Specifically, the juvenile court told the parties that because R.W. was adjudicated delinquent on two counts of felonious assault, that R.C. 2929.14(B)(1)(g) required the court to impose multiple and consecutive commitments for the most serious firearm specifications, and that the statute permitted the court to impose additional commitments on the lower specifications as well.

{¶5} The juvenile court then vacated its earlier disposition and entered a new disposition. As in the previous disposition, R.W. was committed to the ODYS for a minimum period of one year on each felonious assault offense, to be served concurrently. The juvenile court removed the language from the previous entry regarding merger and instead noted that R.C. 2929.14(B)(1)(g) required the imposition of two consecutive commitments for the three-year firearm specifications under R.C. 2941.145. R.W. was committed to one year on the first three-year firearm specification and to one year on the second three-year firearm specification. These periods of commitment would run consecutive to one another and consecutive to the one year for the underlying offenses. Once again, there was no additional time imposed for the one-year firearm specifications. Under the new disposition, R.W. was committed for a total of three years.

{¶6} R.W. filed a notice of appeal, setting forth a single assignment of error for our review:

> The juvenile court erred when it found that *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785 and R.C. 2929.14(B)(1)(g) required it to commit R.W. to ODYS for multiple, consecutive terms for firearm specifications under R.C. 2941.145.

For the reasons that follow, we sustain the assignment of error.

**{¶7}** Under R.C. 2152.19(A)(4), a juvenile court has broad discretion in crafting a disposition for a child adjudicated delinquent. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. We review a juvenile court's disposition for an abuse of discretion. *Id.*

**{¶8}** R.C. 2929.14(B) is Ohio's adult felony sentencing statute. *See State v. D.H.*, 169 Ohio App.3d 798, 2006-Ohio-6953, 865 N.E.2d 90, ¶ 70 (10th Dist.). When a trial court sentences an adult felony offender, the court must impose an additional three-year prison term if the offender "had a firearm on or about [his] person or under [his] control while committing the offense and displayed the firearm, brandished the firearm, indicated that [he] possessed the firearm, or used it to facilitate the offense." R.C. 2941.145(A); R.C. 2929.14(B)(1)(a).

**{¶9}** Generally, when a defendant is indicted on multiple firearm specifications, those specifications must be merged at sentencing if the offenses were committed as part of the same transaction. R.C. 2929.14(B)(1)(b). But in *Vanderhorst*, we acknowledged that the legislature carved out an exception as set forth in R.C. 2929.14(B)(1)(g). The statute provides as follows:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a [firearm] specification * * * in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the

prison term specified under that division for any or all of the remaining specifications.

**{¶10}** In *Vanderhorst*, the defendant was convicted on multiple counts of kidnapping, aggravated robbery, attempted murder, and felonious assault, as well as firearm specifications. *Vanderhorst*, 2013-Ohio-1785, at ¶ 1. We concluded that under R.C. 2929.14(B)(1)(g), the trial court was required to impose consecutive prison terms for the two most serious firearm specifications, and that the merger rule did not apply. *Id.* at ¶ 11.

**{¶11}** In the instant case, if R.W. were an adult, there would be no question that *Vanderhorst* and R.C. 2929.14(B)(1)(g) would apply. But R.W. is not an adult, and there is no authority for applying R.C. 2929.14(B)(1)(g) to his case. That provision is part of the adult felony sentencing statute, and nowhere does it state that it applies to juveniles.

**{¶12}** In contrast, R.C. 2941.145(C) provides that the firearm specification provision "may be used in a delinquent child proceeding *in the manner and for the purpose described in section 2152.17 of the Revised Code*." (Emphasis added.) R.C. 2941.145(C). Accordingly, R.C. 2152.17, not R.C. 2929.14(B)(1)(g), governs commitments for firearm specifications in juvenile cases.

**{¶13}** In the instant case, the juvenile court's only stated reason for vacating its original disposition and entering the new one was its belief that it was required to comply with R.C. 2929.14(B)(1)(g) as set forth in *Vanderhorst*. The trial court abused its

discretion in basing the disposition on this body of law, because it is inapplicable to a juvenile disposition. Accordingly, we sustain the sole assignment of error.

{¶14} But we also conclude that application of R.C. 2152.17 could lead to the same result that was reached by the juvenile court in this case. Under R.C. 2152.17(A)(2), if the juvenile court finds that a R.C. 2941.145 firearm specification applies, then "the court shall commit the child to the department of youth services for the specification for a definite period of not less than one and not more than three years," in addition to the commitment for the underlying offense. Under R.C. 2152.17(E):

> The court shall not commit a child to the legal custody of the department of youth services for a specification pursuant to this section for a period that exceeds five years for any one delinquent act. Any commitment imposed pursuant to division (A), (B), (C), or (D)(1) of this section shall be in addition to, and shall be served consecutively with and prior to, a period of commitment ordered under this chapter for the underlying delinquent act, and *each commitment imposed pursuant to division (A), (B), (C), or (D)(1) of this section shall be in addition to, and shall be served consecutively with, any other period of commitment imposed under those divisions.* If a commitment is imposed under division (A) or (B) of this section and a commitment also is imposed under division (C) of this section, the period imposed under division (A) or (B) of this section shall be served prior to the period imposed under division (C) of this section.

(Emphasis added.) According to R.C. 2152.17(E), if a juvenile offender is adjudicated delinquent for multiple firearm specifications, the terms of commitment for those firearm specifications must run consecutively to each other, as well as consecutively to the underlying delinquent act.[1]

---

[1]Furthermore, under R.C. 2152.17(F), the juvenile court has discretion in this case to order that each of the underlying felonious assault commitments run consecutive to each other as well.

**{¶15}** In the instant case, R.W. was adjudicated delinquent on two counts of felonious assault with one- and three-year firearm specifications attaching to each count. On remand, the trial court is instructed to enter a new disposition in accordance with R.C. 2152.17(E) and (F).

**{¶16}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR