[Cite as *State v. Keeley*, 2014-Ohio-693.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                             :

    Plaintiff-Appellee,                 :   Case No.   13CA34

    vs.                                       :

DAVID KEELEY,                            :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.            :

_____

APPEARANCES:

APPELLANT PRO SE:          David Keeley, #647623, Belmont Correctional Inst., P.O.
                                             Box 540, St. Clairesville, Ohio 43950

COUNSEL FOR APPELLEE:     James E. Schneider, Washington County Prosecuting
                                             Attorney, and Alison L. Cauthorn, Washington County
                                             Assistant Prosecuting Attorney, 205 Putnam Street,
                                             Marietta, Ohio 45750

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-21-14
ABELE, P.J.

    **{¶ 1}**   This is an appeal from a Washington County Common Pleas Court judgment that

denied a post-conviction relief petition by David Keeley, petitioner below and appellant herein.

Appellant assigns the following errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT VIOLATED THE PETITIONERS [sic]
        RIGHTS TO DUE PROCESS OF THE LAW WHEN IT FAILED
        TO CLEAR WAY THE JURIES [sic] CONFUSION AND PLAIN
        ERROR FOR FAILING TO CLARIFY THEIR CONFUSION."

SECOND ASSIGNMENT OF ERROR:

"THE STATES [sic] USE OF 'EXPERT' TESTIMONY
PREJUDICED THE APPELLANT AND ADDED TO THE
JURIES [sic] CONFUSION.   THE USE OF THESE
TESTIMONIES CAUSED THE JURY TO LOSE ITS WAY. THE
TESTIMONIES WERE NOT VALID AGAINST PROVEN
SCIENTIFIC AND PSYCHOLOGICAL METHODOLOGY.
PROSECUTORIAL MISCONDUCT AND PLAIN ERROR
SHOULD APPLY."

THIRD ASSIGNMENT OF ERROR[1]:

"THERE IS INSUFFICIENT EVIDENCE TO SUSTAIN THE
CONVICTION UNDER THE STANDARDS OF 'SUFFICIENCY
OF EVIDENCE' AND 'MANIFEST WEIGHT OF THE
EVIDENCE'."

FOURTH ASSIGNMENT OF ERROR:

"THE PROSECUTOR'S MISCONDUCT DEMONSTRATED
UNPROFESSIONALISM AND VINDICTIVENESS [AND]
DENIED THE APPELLANT [sic] RIGHTS TO A FAIR AND
IMPARTIAL TRIAL.   HIS ACTIONS INSIDE AND OUTSIDE
THE COURTROOM DEMONSTRATE THAT THIS HAD
BECOME A PERSONAL VENDETTA AGAINST THE
APPELLANT AND HIS FAMILY."

FIFTH ASSIGNMENT OF ERROR:

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE
OF COUNSEL FOR THE REASONS LISTED BELOW WHICH
VIOLATED THE APPELLANTS [sic] RIGHTS TO A FAIR
AND IMPARTIAL TRIAL AGAINST THE FIFTH, SIXTH AND
FOURTEENTH AMENDMENTS OF THE UNITED STATES
CONSTITUTION."

SIXTH ASSIGNMENT OF ERROR:

---

[1] The statement of assignments of error in appellant's brief labels this assignment of error as "Argument 2A".
However, because no provision exists for subdividing assignments of error in the rules of appellate procedure, we re-label this
as "assignment of error number three."   Consequently, we also renumber the remaining assignments of error.

"THE STATES [sic] USE OF ELECTRONIC SURVEILLANCE
VIOLATED THE APPELLANTS [sic] FOURTH AMENDMENT
OF THE UNITED STATES CONSTITUTIONAL RIGHTS [sic]
AND ALSO VIOLATED TITLE iii STATUTE [sic]."

{¶ 2}   In 2011, a jury found appellant guilty of (1) two counts of rape in violation of R.C. 2902.02(A)(1)(c)&(B), and (2) three counts of gross sexual imposition in violation of R.C. 2907.05(A)(5)&(B).   The trial court sentenced appellant to serve seven years in prison.   We affirmed his conviction.   See *State v. Keeley*, 4th Dist. Washington No. 11CA5, 2012-Ohio-3564 (*Keeley I*).   The Ohio Supreme Court denied further appeal. See *State v. Keeley*, 134 Ohio St.3d 1508, 2013-Ohio-1123, 984 N.E.2d 1102 (*Keeley IA*).

{¶ 3}   On December 5, 2011, while his first appeal of right was pending, appellant filed a petition for postconviction relief with the trial court.   Although the court dismissed the petition on res judicata grounds, we reversed the judgment and remanded the case for further proceedings.   In so doing, a majority of this Court held that res judicata did not bar arguments from being raised on post-conviction relief if an appeal of right was pending.   See *State v. Keeley*, 2013-Ohio-474, 989 N.E.2d 80 (4th Dist.) (*Keeley II*). The Ohio Supreme Court denied an appeal from that decision.   See *State v. Keeley*, 135 Ohio St.3d 1460, 2013-Ohio-2285, 988 N.E.2d 579 (*Keeley IIA*).

{¶ 4}   On August 8, 2013, after our reversal and remand of *Keeley II*, the trial court entered judgment and found that appellant "failed to show that he is entitled to post conviction relief."   This appeal followed.

{¶ 5}   At the outset, we note that appellant's assignments of error have nothing to do with the trial court's ruling on his postconviction relief petition.   Rather, they are generally directed to errors allegedly committed during the trial proceedings.   Consequently, we consider

together all six assignments of error because (1) all may be disposed of under the doctrine of res judicata, and (2) appellant does not actually claim that the trial court erred by ruling on his petition under R.C. 2953.21 et seq.

{¶ 6} As we noted in *Keeley II*, a defendant who seeks postconviction relief cannot raise any issue that he could have raised, but did not, in a first appeal of right. See *State v. Szefcyk*, 77 Ohio St.3d 93, 96, 671 N.E.2d 233 (1996) at the syllabus. Likewise, an issue raised and adjudicated in a first of appeal of right cannot be raised again on postconviction relief. *State v. Thompkins*, 10th Dist. Franklin No. 12AP–1080, 2013-Ohio-3599, at ¶10; *State v. Harper*, 5th Dist. Guernsey No. 12CA22, 2013-Ohio-1781, at ¶39.   In the case sub judice, appellant's brief appears to litigate, or re-litigate, a number of issues that already have been raised, or should have been raised, in *Keeley I*.

{¶ 7} Appellant's first argument involves questions the jury raised during deliberation concerning the victim's guardianship and whether the State had "guidelines for sexual consent due to mental level."   Appellant argues that the trial court's failure to "clear away the juries {sic] confusion" amounts to plain error and violates due process.

{¶ 8} First, this issue could have been raised in *Keeley I,* but was not.   Consequently, res judicata now bars the issue from being raised.   Second, questions from a jury during deliberation are routine and generally are not a sign of confusion.   Third, the questions the jury did ask are irrelevant.   Fourth, when the trial court declined to answer their questions, defense counsel was asked if he wanted the court to say anything else on the matter.   Counsel answered in the negative.   There is no merit to this issue.

{¶ 9}  Appellant also argues that the trial court erred by allowing several witnesses to give expert testimony.   However, we examined this issue in *Keeley I*, supra at ¶¶21-25, albeit in the context of whether the victim's mother could give expert testimony about her daughter. Appellant could have also raised questions concerning whether the other two witnesses are qualified, but he failed to do so.   Res judicata bars these issues from being raised again. Moreover, we find nothing in appellant's brief to persuade us that this issue would have merit.

{¶ 10}  The next argument is that insufficient evidence supports appellant's convictions and that they are against the manifest weight of the evidence.   We, however, have previously ruled against appellant on the latter issue.   See *Keeley, I*, supra at ¶20.   Appellant could also have raised a sufficiency of the evidence argument at the same time, but did not.   Appellant is barred from doing so now by the doctrine of res judicata.   Furthermore, even if the issue had been raised, and even though sufficiency and manifest weight are different questions, we would nevertheless have ruled against appellant on a sufficiency challenge in view of our recitation of all of the evidence we reviewed in *Keeley I*.

{¶ 11}  Appellant also argues that he is the victim of prosecutorial misconduct and constitutionally ineffective assistance from his trial counsel.   We, however, already considered these issues in *Keeley I* and ruled against appellant on both. Id. at ¶¶27-31.

{¶ 12}  Finally, appellant claims that the "controlled phone call" to him from the victim's mother, while police were listening, violated his constitutional rights.   To begin, if appellant believed this constituted a violation of his rights, he should have raised the issue in a pre-trial motion to suppress.   Nothing in the record indicates that he did.   Thus, appellant waived the issue.   This is also an issue that could have been raised, but was not, in *Keeley I* and is thus

barred by res judicata.   Furthermore, this phone call is not – as appellant suggests in his brief– a "wiretap."   Appellant's family and the victim's family were friends, and this would have been nothing more than a call between those friends, not a "tap" that authorities needed permission from a court to place.   Furthermore, as the State aptly notes in its brief, R.C. 2933.52(B)(3) permits the interception of a phone call if one party to that call (in this case, the victim's mother) has given consent.   Thus, this activity did not result from a statutory violation or a Fourth Amendment violation.   See *State v. Haynes*,11th Dist. Ashtabula No. 2012–A–0032, 2013-Ohio-2401, at ¶46; *State v. Hennis*, 2nd Dist. Clark No. Civ.A. 2003CA21, 2005-Ohio-51, at ¶20.

{¶ 13} For all of these reasons, we find no merit to any argument appellant raised in his petition for postconviction relief.   Thus, we find no error in the trial court's decision to deny that petition and we hereby overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Keeley*, 2014-Ohio-693.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

### NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.