[Cite as *State v. Sluss*, 2014-Ohio-4156.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :        Case No.   13CA24

    vs.                                       :

RICHARD A. SLUSS,                                 :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                      :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Christine D. Tailer, P.O. Box 14, Georgetown, Ohio 45121[1]

COUNSEL FOR APPELLEE:         Anneka P. Collins, Highland County Prosecuting Attorney,
                              and K. Ross Greer, Highland County Assistant Prosecuting
                              Attorney, 112 Governor Foraker Place, Hillsboro, Ohio
                              45133

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:9-16-14
ABELE, P.J.

{¶ 1}   This is an appeal from a Highland County Common Pleas Court judgment of

conviction and sentence.   A jury found Richard A. Sluss, defendant below and appellant herein,

guilty of (1) two counts of the illegal manufacture of a controlled substance in violation of R.C.

2925.04(A), and (2) one count of possession of chemicals used to manufacture a controlled

substance in violation of R.C. 2925.041 (A).   Appellant assigns the following errors for

---

[1] Different counsel represented appellant during the trial court proceedings.

review[2]:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE BASED ON A VIOLATION OF HIS FOURTH AMENDMENT PROTECTIONS AGAINST UNREASONABLE SEARCH AND SEIZURE."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "APPELLANT WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF COUNSEL."
>
> THIRD ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT MERGING TOGETHER THE TWO ILLEGAL MANUFACTURE CHARGES WITH THE ILLEGAL ASSEMBLY CHARGE, BASED ON THE ACTUAL TRIAL EVIDENCE."
>
> FOURTH ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONVICTING APPELLANT ON THE BASIS OF AN INDICTMENT THAT WAS SUPPORTED BY A DEFECTIVE BILL OF PARTICULARS."

{¶ 2} On three occasions during the 2013 summer, the Highland County Sheriff's Department searched trailers at 6430 Riber Road in Highland County. On all three occasions, Barb Sluss, appellant's former spouse, met them at the premises and gave permission to search the trailers. Those searches yielded methamphetamine (meth) and chemicals necessary to produce meth.

---

[2] Appellant's brief does not contain a separate statement of the assignments of error. See App.R. 16(A)(3). Thus, we have taken the assignments of error from the brief's table of contents.

{¶ 3}   On August 6, 2013, the Highland County Grand Jury returned an indictment that charged appellant with the offenses specified above.   Appellant pled not guilty and filed a motion to suppress evidence and argued that the search of his premises violated the Fourth Amendment to the United States Constitution.   At the suppression hearing, Detective Randy Sanders testified that Barb Sluss gave consent to search the premises.   The trial court overruled the motion.

{¶ 4}   At the jury trial, the most damaging testimony, aside from Highland County law enforcement authorities, came from Lacey Kelley who testified that she was with appellant on occasion and observed him "cooking" meth.   Greg Grooms also testified that he retrieved a "mix" for appellant to use in cooking meth, although he was not involved in the cooking process himself.   The defense offered Barb Sluss' testimony (appellant's former spouse), but at no time did she contradict the State's evidence.

{¶ 5}   After hearing the evidence, the jury found appellant guilty on all counts.   The trial court sentenced appellant to serve a six year prison terms on each charge of manufacturing meth and a two year term on the charge of possessing chemicals for the manufacture of meth.   The trial court then ordered all terms to be served consecutively, for a total sentence of fourteen years.   This appeal followed.

I

{¶ 6}   In his first assignment of error, appellant asserts that the trial court erred by overruling his motion to suppress evidence.   In particular, appellant challenges the ruling that his ex-spouse, Barb Sluss, had the authority to allow a search of the premises.   Appellant points to the fact that several different trailers sit on the premises and that the evidence adduced at the

hearing is inconclusive as to whether she had the authority to consent to a search.

{¶ 7}   Generally, appellate review of a decision on a motion to suppress evidence involves mixed questions of law and fact.   *State v. Grubb*, 186 Ohio App.3d 744, 2010-Ohio-1265, 930 N.E.2d 380, at ¶12 (3rd Dist.); *State v. Book*, 165 Ohio App.3d 511, 2006-Ohio-1102, 847 N.E.2d 52, at ¶9 (4th Dist.).   In hearing such motions, trial courts assume the role of trier of fact and are best situated to resolve factual disputes and to evaluate witness credibility.   *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶100; *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶8.   Appellate courts will accept those factual findings if supported by competent and credible evidence.   *State v. Little*, 183 Ohio App.3d 680, 2009-Ohio-4403, 918 N.E.2d 23 at ¶15 (2nd Dist.); *State v. Metcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist. 1996).   However, appellate courts review de novo a trial court's application of the law to the facts.   See *State v. Higgins*, 183 Ohio App.3d 465, 2009-Ohio-3979, 917 N.E.2d 363, at ¶14 (5th Dist.); *State v. Poole*, 185 Ohio App.3d 38, 2009-Ohio- 5634, 923 N.E.2d 167, at ¶18 (11th Dist.).   In other words, an appellate court will afford no deference whatsoever to the trial court in the application of the law to the facts.

{¶ 8}   In the case sub judice, the record is somewhat unclear as to the specific structures involved in the search.   Highland County Sheriff's Deputies apparently arrived at the premises on at least one occasion armed with a warrant to search one of the trailers.[3]   That search did not require Barb Sluss's consent.   Detective Sanders testified that Barb Sluss was present at the

---

[3]   Although the evidence adduced at the suppression hearing and at trial is somewhat confusing, it appears that the warrant specified the "orange and white" trailer at the front of the property said to be owned or occupied by Roy Sluss, appellant's brother.

premises on all three occasions and gave him permission to conduct a search. Further, Detective Sanders contacted Rose Wooten, the real estate's owner's widow, and she advised "Richard and Barb [Sluss were both] living there" at the time of the investigation. This indicates that Barb Sluss resided at the premises.

{¶ 9}   Almost a decade ago, the United States Supreme Court held that "when police obtain the voluntary consent of an occupant who shares, or is reasonably believed to share, authority over the area in common with a co-occupant who later objects to the use of evidence so obtained," a warrantless entry and search of the premises is valid. (Emphasis added.) *Georgia v. Randolph*, 547 U.S. 103, 106 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006). Ohio courts of appeals have also reached the same conclusion under similar circumstances. See *State v. Burns*, 4th Dist. Highland No. 11CA14, 2012-Ohio-1529, at ¶16; *State v. Lampkin*, 6th Dist. Lucas No. L-09-1270, 2010-Ohio-4934, at ¶73. The evidence in the instant case reveals that Barb Sluss was a resident of the subject premises, and, thus, had the authority to allow a search of the premises.

{¶ 10}  Appellant also argues that Detective Sanders was somewhat vague in describing the location of the trailers. Again, we agree that the evidence concerning the geography of the premises is not entirely clear. Appellant, however, fails to show how this lack of precision has any bearing on the voluntariness of Barb Sluss's consent to search. Moreover, the record indicates that she and appellant actually lived in the "back" trailer, and this is the structure for which she gave consent to search.

{¶ 11}  Appellant also cites Detective Sanders' statement on cross-examination that Rose Wooten "was the one sort of controlling the property . . ." as an indication that Wooten, rather

than Barb Sluss, is the only person who would be authorized to give consent.   However, the question in this case is who was "the occupant," see *Georgia v. Randolph*, supra, rather than the one who controlled the property.   The trial court apparently interpreted, and we believe it a correct interpretation, that Wooten "controlled" the property in the same way that a landlord may control the property.   That, however, does not mean that Wooten was the occupant.

{¶ 12} Detective Sanders stated that Wooten told him "that Richard and Barb was [sic] living there."   As we noted earlier, in a suppression hearing the trial court serves as the trier of fact.   It may believe all, part or none of the testimony of any witness and can choose how much weight to afford to certain parts of a witness's testimony. See *State v. Lytle*, 4th Dist. Ross No. 96CA2182, 1997 WL 118069 (Mar. 10, 1997).   Here, the trial court obviously afforded more weight to the detective's recitation of   Wooten's statements than it did to his response when defense counsel asked if Wooten was "the one sort of controlling the property."

{¶ 13} Accordingly, for these reasons we find no error in the trial court's denial of appellant's motion to suppress evidence and we hereby overrule his first assignment of error.

II

{¶ 14} In his second assignment of error, appellant argues that he was denied constitutionally effective assistance of trial counsel.   Criminal defendants have a constitutional right to the effective assistance of counsel.   See *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); also see *In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, at ¶93.   To establish constitutionally ineffective assistance of trial counsel, a criminal defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced his defense and deprived him of a fair trial. See *Strickland v.*

*Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984); *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show <u>a reasonable probability that, but for counsel's error, the result of the proceeding would have been different</u>." (Emphasis added.) *State v. Conway*, 109 Ohio St.3d 412, 2006 Ohio–2815, 848 N.E.2d 810, ¶95.

{¶ 15} In the case at bar, appellant's contention appears to be that defense counsel failed to properly challenge the chain of evidence before a BCI witness testified. A statement in his brief, however, appears to undermine this point:

> "Granted both the underlying facts relating where the items containing methampheteamine were recovered, and the chain of custody that brought these times to the witness for analysis, were admitted later, during the course of the trial, but this was in clear contravention of Evidence Rule 705 which provides that provides [sic] the facts or data upon which the experts opinion is based, are to be disclosed prior to rendering the opinion."[4] (Appellant's brief page 17.)

{¶ 16} This statement indicates that even if the underlying facts of an expert BCI witness's opinion should have been detailed before the witness expressed an opinion, the result of the case would not have been different. Moreover, the admission of several witnesses, including Lacey Kelley, also established that appellant possessed the chemicals for the manufacture of methamphetamine and did, in fact, manufacture that drug.

{¶ 17} For these reasons, we hereby overrule appellant's second assignment of error.

III

---

[4] Evid.R. 705 states "[t]he expert may testify in terms of opinion, or inference, and give the expert's reasons therefor, after disclosure of the underlying facts or data."

{¶ 18} Appellant's third assignment of error involves the trial court's decision to not merge the two convictions for the illegal manufacture with the conviction for the illegal possession of chemicals used in the manufacture of a controlled substance. The trial court addressed this issue directly and opined:

> " * * * The first thing I'm going to consider is the question of merger of Count Three with Counts One and Two. Counts One and Two were clearly committed on separate days, the 13th and the 27th of June. Count Three was an alleged continuing course of conduct. The Court will note that, uh, the, uh, Counts One and Two are actual production of methamphetamine; and, there was testimony in the record that there was actual meth produced on both dates. * * *
>
> The testimony is that there was extensive chemicals kept in two different locations on the same property, two different campers that is, there were extensive items in both places. There was testimony from Ms. Kelley that the Defendant cooked every day, so it appears he had an on-going supply of ingredients to assemble or to engage in the production of methamphetamine.
>
> It appears, therefore, that these were committed with separate animus, and that, uh, the conduct, while you must have the chemicals to commit Counts One and Two, it appears from the testimony that there were always plenty of chemicals there to produce the meth whenever desired."

Appellant does not challenge the trial court's recitation of the evidence, but argues that it erred in applying the law.

{¶ 19} The application of R.C. 2941.25[5] (the merger statute) is a legal issue. Thus, an appellate court will review a trial court's decision de novo without affording it any deference. See *State v. Love*, 4th Dist. Hocking No. 13CA16, 2014-Ohio-1603, at ¶17; *State v. Osman*, 4th Dist. Athens No. 13CA22, 2014-Ohio-294, at ¶16.

---

[5] R.C. 2941.25(A) states "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶ 20} In *State v. Nguyen*, 4th Dist. Athens No. 12CA14, 2013–Ohio-3170, ¶ 103, we set

forth the analysis that applies when determining if offenses should merge under R.C. 2941.25:

> "Through a series of opinions the Supreme Court of Ohio has advised and
> re-advised lower courts on the difficult task of applying Ohio's multiple-count
> statute to determine which criminal convictions require merger.' [*State v.
> Delawder*, 4th Dist. Scioto App. No. 10CA3344, 2012–Ohio–1923, ¶39]. In the
> plurality decision of *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, 942
> N.E.2d 1061, the Court expressly overruled its then current test for merger. Under
> the new test, the trial court must first determine 'whether it is possible to commit
> one offense and commit the other with the same conduct, not whether it is
> possible to commit one without committing the other.' (Emphasis sic). *Johnson* at
> ¶48. If the offenses are so alike that the same conduct can subject the accused to
> potential culpability for both, they are 'of similar import' and the court must
> proceed to the second step. The court must then determine whether the offenses in
> fact were committed by the same conduct, i.e., committed as a single act with a
> single animus. Id. at ¶49. If so, merger is necessary. However, if the offenses
> resulted from separate acts or were performed with a separate animus, or if the
> commission of one offense will never result in the commission of the other, the
> offenses will not merge. Id. at ¶51."[6]

{¶ 21} In the case sub judice, the facts adduced at trial appear to satisfy the first part of

this new test.   It is indeed possible to possess the chemicals necessary to manufacture meth, and

then to manufacture the drug itself.   We, however, agree with the trial court's analysis with

regard to the second part of this test.   In other words, were these crimes committed by the same

conduct or with the same animus?   We agree with the trial court that the answer is no.

---

[6] In *State v. Creech*, 188 Ohio App.3d 513, 2010-Ohio-2553, 936 N.E.2d 79, 2010-Ohio-2553 (4th Dist.), at ¶19-21, we held the two crimes are not allied offenses of similar import that had to be merged.     That decision, however, was released on June 1, 2010.     Six months later, the Ohio Supreme Court released *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061, that, as noted above, changed the test for determining whether convictions had to be merged under R.C. 2941.25.     Thus, *Creech* is no longer reliable precedent.

{¶ 22} Counts one and two of the indictment charged the appellant with manufacturing meth on specific dates. However, count three charged him with having the requisite chemicals to manufacture meth during the interval between those dates. Appellant does not challenge the sufficiency of the evidence to support convictions on those three counts, and we find sufficient evidence from our review of the record. Assuming, for purposes of argument, that had appellant been found guilty of the possession of chemicals and the manufacture of meth on the same days, a different issue may have been presented.[7] Instead, appellant possessed those chemicals for more than a week between the two dates on which he was charged with illegal manufacture and, apparently, appellant engaged in an extensive cooking process. In our view, the trial court was correct, that a separate animus exists for count three. Thus, the merger of the convictions is not required under R.C. 2941.25(A).

{¶ 23} For these reasons, we hereby overrule appellant's third assignment of error.

IV

{¶ 24} Appellant's fourth assignment of error involves typographical errors in the State's August 19, 2013 Bill of Particulars. That document states that counts one and two of the indictment charged a violation of "R.C. 2925.041" when it should have stated that those counts charged a violation of "R.C. 2925.04." Appellant argues that these mistakes are error "as a matter of law" and that his convictions on counts one and two should be vacated. We disagree.

---

[7] Our Fifth District colleagues have recently concluded that these two crimes are allied offenses of similar import. See *State v. Davidson*, 5th Dist. Perry No. 12CA7, 2013-Ohio-194, at ¶47. Likewise, in *State v. Collins*, 12th Dist. Clinton Nos. CA2010–12–021, CA2010–12–022, 2012-Ohio-430, at ¶33 the court also concluded that these convictions had to be merged. However, a close review of the fact reveals that only one encounter occurred between police and the appellants. See 2013-Ohio-194, at ¶¶2-3; 2012-Ohio-430, at ¶¶2-4.

{¶ 25} First, appellant cites nothing in the record to show that   he raised this issue during the trial court proceeding.   Thus, appellant waived any error that could have been brought to the trial court's attention at a time when it could have been corrected.   See *State v. Keeley*, 4th Dist. Washington No. 13CA34, 2014-Ohio-693, at ¶12; *State v. Marcum*, 4th Dist. Hocking Nos. 12CA22 & 12CA26, 2013-Ohio-2189, at ¶13.

{¶ 26} Furthermore, we do not believe that the typographical error rises to the level of plain error.   Notice of Crim.R. 52(B) plain error should be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.   *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, at ¶78; *State v. Patterson*, 4th Dist. No. 05CA16, 2006-Ohio-1902, at ¶13.   Plain error should be noticed only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.   See *State v. Bundy*, 4th Dist. Pike No. 11CA818, 2012-Ohio-3934, 974 N.E.2d 139, at ¶66.   The Ohio Supreme Court recently stated that appellate courts should reserve notice of plain error only for situations that involve more than merely theoretical prejudice to substantial rights. *State v. Steele*, 138 Ohio St.3d 1, 2013-Ohio-2470, 3 N.E.3d 135, at ¶30.

{¶ 27} Although the statutory reference for counts one and two in the bill of particulars contained an extra numeral "1", the name and description of the offense are both correctly stated.   Also, appellant was aware of the offenses for which he was being tried.   In short, appellant has not demonstrated any prejudice, and we cannot conceive of how he could have suffered any prejudice.

{¶ 28} Appellant cites Crim.R. 7(D), as well as *State v. Davis*, 4th Dist. Highland No. 06CA26, 2007-Ohio-2249, at ¶25 for the proposition that she need not show any prejudice.   Her

reliance on these authorities is misplaced, however.   First, the rule and *Davis* both deal with amendments to an indictment that changed the name of and the identity of the crime charged. Here, no amendment of the indictment or the bill of particulars occurred.   Second, even if there had been an amendment, the name and identity of the crimes charged remained the same.   For both counts one and two, the Bill of Particulars stated the "Nature of offense" as the "illegal manufacture of drugs" and then gave a description of the drug (meth) that was allegedly being manufactured.

{¶ 29} For these reasons, we hereby overrule appellant's fourth assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

Harsha, J., concurring:

{¶ 30} In his third assignment of error, appellant, Richard Sluss, asserts that the trial court erred in not merging his convictions for illegal manufacture of drugs (2 counts) with his conviction of one count of illegal possession of chemicals for the manufacture of drugs. The trial court did not merge the counts because "while you must have chemicals to commit Counts One and Two [the illegal manufacture counts], it appears from the testimony that there were always plenty of chemicals there to produce the meth whenever desired." That is, there is testimony that Lacey Kelly got chemicals for Sluss to manufacture methamphetamine that Sluss cooked "about every day."

{¶ 31} Based on the evidence adduced at trial, it is clear that Sluss had chemicals used to manufacture methamphetamine "over and above" what he used in the two "cooks" on June 13 and 27 that formed the basis for Counts One and Two. Under these circumstances, I concur in judgment and opinion on this assignment of error, i.e., that although the offenses in Counts One and Two and Count Three are of similar import, they involve different conduct; Count Three involved possession of illegal chemicals in addition to what was used in the two "cooks" that are the basis of Counts One and Two.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed.    Appellee to recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs in Judgment & Opinion with Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.